UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TRAVIS WROBLESKI, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3160 |
| DR. FRANCIS KAYIRA, | ) |
| Defendants. | ) |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Graham Correctional Center, seeks leave to proceed in forma pauperis.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff's legs were "snapped in half" in a car accident before Plaintiff's incarceration. As a result, one leg is shorter than the other, requiring Plaintiff to wear a leg brace and a shoe lift. Plaintiff's special shoes and shoe lift were confiscated upon Plaintiff's arrival at Graham Correctional Center and replaced with worn shoes. The worn shoes cause pain in Plaintiff's lower back, and Plaintiff has been developing a pressure callous in his foot and swelling in his leg. Defendant Dr. Kayira has refused to issue a shoe lift or back brace to Plaintiff.

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoted cite omitted). An objectively serious need also presents itself if "'failure to treat [the condition] could result in further significant injury or unnecessary and wanton infliction of pain.'" Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999)(quoted cite omitted);

Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)("The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'") (quoted cite omitted).

Plaintiff states an Eighth Amendment claim against Dr. Kayira for deliberate indifference to Plaintiff's serious medical needs. A serious medical need is plausibly inferred from Plaintiff's own description of his condition and pain and from Plaintiff's need for the shoe lift before he entered Graham Correctional Center. An inference of deliberate indifference arguably arises against Dr. Kayira, who allegedly refuses to prescribe the shoe lift or treat Plaintiff's other medical problems.

**IT IS THEREFORE ORDERED:**

  1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendant Dr. Kayira for deliberate indifference to Plaintiff's serious medical needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's

discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

**2) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

3) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the

Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

5) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 4, 2013, at 2:00 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E.

Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

    8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    10) The Merit Review Hearing scheduled for August 26, 2013 is cancelled.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Dr. Kayira pursuant to the standard procedures.**

ENTERED: August 20, 2013

FOR THE COURT:

                                      **s/Sue E. Myerscough**

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE