E-FILED
Wednesday, 11 March, 2015  09:04:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRAVIS WROBLESKI, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3160 |
| | ) | |
| DR. FRANCIS KAYIRA, | ) | |
| | ) | |
|   Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff suffered serious injuries in an accident before he was incarcerated. As a result of the accident, one leg is shorter than the other, requiring him to wear a specially-made leg brace, a shoe with a lift built on the outside of the sole (a "lift shoe"), and specially made shoe inserts. Plaintiff pursues a claim arising from Dr. Kayira's alleged delay in approving and providing Plaintiff with a lift shoe and special shoe inserts while Plaintiff was incarcerated in Graham Correctional Center.

The claim is now at the summary judgment stage, but first the Court must address Plaintiff's motions to compel.

Plaintiff moves to compel different answers to Plaintiff's requests for admission and interrogatories to Dr. Kayira. The Court has reviewed Dr. Kayira's responses and finds them adequate or finds the requests irrelevant. Grievances and other lawsuits filed against Dr. Kayira would not be relevant to whether Dr. Kayira was deliberately indifferent to Plaintiff's condition. Further, the fact that a prison doctor has grievances or lawsuits filed against him does not show that he is a poor doctor—each lawsuit or grievance would have to be looked at individually to determine the outcome and compare it to Plaintiff's situation. Even then, any marginal relevance would be substantially outweighed by the danger of confusing or prejudicing the jury and wasting the jury's time. Similarly, Plaintiff's questions about the duties of the health care administrator and sick call procedure will not help determine whether Dr. Kayira's treatment (or lack thereof) was deliberately indifferent. Plaintiff does not claim that he was unable to access care. He claims that Dr. Kayira knowingly denied or delayed necessary treatment.

Plaintiff seeks to compel much of this same information from nonparties through discovery requests. A subpoena is the method

for procuring information from nonparties, but, as discussed above, the information Plaintiff seeks is irrelevant to Plaintiff's claim against Dr. Kayira anyway.

Next is Dr. Kayira's motion for summary judgment. Dr. Kayira argues that he never denied Plaintiff's request for a shoe lift, but the record is not complete. The record shows that Plaintiff needed three medical accommodations for his right leg: (1) a leg brace to hold Plaintiff's right foot up; (2) special shoe inserts; and, (3) a right shoe with a lift built into the outside of the sole (a "lift shoe"). The distinction between a lift that fits inside the shoe (a "shoe lift") and a lift fitted to the outside of the shoe (a "lift shoe") is important. According to Plaintiff, his brace makes it impossible to fit a lift inside the shoe; that is why he needs a lift built into the outside of his shoe.

Dr. Kayira does not address whether he had the authority to authorize Plaintiff to have Plaintiff's lift shoe which was confiscated by the prison or the shoes Plaintiff sought to have sent in from home. A response to one of Plaintiff's grievances suggests that Dr. Kayira could have done so. (Pl.'s 4/22/13 grievance, d/e 50-1, p. 2.) Dr. Kayira also does not address whether he denied Plaintiff's

request for a lift shoe on April 30, 2013. The medical record seems to suggest that Dr. Kayira did initially deny Plaintiff's request, because Dr. Kayira appeared to authorize only a lift for *inside* the shoe, and medical staff informed Plaintiff that Plaintiff would have to pay if he wanted a lift put on the outside of his shoe. What exactly Dr. Kayira asked Wexford to approve after the 4/30/13 visit is unclear, as is Wexford's response.

If Dr. Kayira did deny Plaintiff's 4/30/13 request for a lift shoe, Dr. Kayira does not explain why. If security reasons were behind the denial, Dr. Kayira should explain who informed him that the shoes were a security risk, why the shoes were a security risk, and whether Dr. Kayira could nevertheless authorize Plaintiff to have the shoes. If Dr. Kayira did not believe the lift shoe was medically necessary, he should explain the basis for that conclusion as well. Lastly, Dr. Kayira does not explain whether he had any role in the delay between the date the lift shoe was approved by Wexford and the date the lift shoe was provided, or whether he had anything to do with the fact that Plaintiff did not receive his special inserts until April of 2014.

These unanswered questions make summary judgment for Dr. Kayira inappropriate. However, the Court has a responsibility to ensure that material disputes actually exist for a jury trial, and the Court does not have enough information to make that determination. Dr. Kayira's motion for summary judgment will, therefore, be denied with leave to renew.

**IT IS ORDERED:**

1. Plaintiff's motions to compel are denied (d/e 44, 45).

2. Defendant's motion for summary judgment is denied (d/e 47), with leave to renew by March 31, 2015.

3. If Defendant does not file a renewed motion for summary judgment by March 31, 2015, then Plaintiff is directed to file a motion to set a trial date.

**ENTER: March 11, 2015**

                     <u>s/Sue E. Myerscough</u>
                     **SUE E. MYERSCOUGH**
                     **UNITED STATES DISTRICT JUDGE**