UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  | |
|---|---|---|---|
| TRAVIS WROBLESKI, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 13-3160 | |
| | ) | | |
| DR. FRANCIS KAYIRA, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need for events that occurred while he was incarcerated at Graham Correctional Center. The matter comes before this Court for ruling on the Defendant's Renewed Motion for Summary Judgment. (Doc. 56). The motion is granted.

### BACKGROUND

In the Opinion entered March 11, 2015, the Court denied Defendant's first motion for summary judgment and granted the Defendant leave to renew the motion by March 31, 2015. (Doc. 54). Defendant filed a motion for extension of time on March 31, 2015,

requested an additional seven (7) days to file the renewed motion. (Doc. 55).  The motion is granted.  Defendant has since filed the renewed motion within the time period requested.

On April 7, 2015, the Clerk sent Plaintiff a Rule 56 Notice. (Doc. 57).  The notice instructed Plaintiff that he had 21 days to respond to the Defendant's renewed motion and that failure to do so would result in the Court accepting the Defendant's statement of facts as true.

As of the date of this Opinion, Plaintiff has not responded to Defendant's renewed motion, nor has he filed a request for additional time to do so.  Therefore, the Court will accept the Defendant's statement of facts asserted in his renewed motion as true for purposes of this ruling.  See FED. R. CIV. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

At all times relevant, Plaintiff was incarcerated at Graham Correctional Center ("Graham").  Defendant is a physician at Graham.

Plaintiff's right leg is shorter than his left because of an injury he sustained prior to his incarceration.  As noted in the Court's Opinion entered March 11, 2015, Plaintiff required three medical accommodations for his right leg: (1) a leg brace to hold his right foot up; (2) special shoe inserts; and, (3) a right shoe with a lift built

into the outside of the sole.  According to Plaintiff, these devices work together to reduce the resulting effects of his injury.

Plaintiff did not have all three devices from April 12, 2013, until August 13, 2013.  At some point after his arrival at Graham and before the first time he was examined by Defendant, Plaintiff's shoes were damaged.  During Defendant's first examination of Plaintiff on April 30, 2013, Defendant approved a new pair of shoes for Plaintiff and also approved use of the shoe inserts.  Prior to that, Plaintiff attempted to have shoes from home sent to him at the prison.  The shoes from home were confiscated by security staff at the prison for security reasons.  Defendant played no role in the confiscation of those shoes.

Once Plaintiff purchased a new pair of shoes from commissary, Defendant sought approval for a request for Plaintiff to receive a consultation at Hangar Prosthetics.  On May 28, 2013, Wexford Health Sources ("Wexford"), Defendant's employer and medical contractor at Graham, denied the request and instead approved a shoe insert to account for the discrepancy in the lengths of Plaintiff's legs.  (Doc. 49-1 at 12).  Sometime before June 25, 2013, Defendant again submitted a request for Plaintiff to be fitted

for an elevated shoe lift to be applied to Plaintiff's shoe. Wexford approved this request on June 25, 2013. (Doc. 49-1 at 18). Plaintiff received the shoe with the lift built on the outside of his shoe on August 13, 2013. Plaintiff developed calluses on his foot after receiving the lift shoe. Defendant provided a pumice stone to smooth out the calluses.

Plaintiff also complained of back pain while incarcerated at Graham and requested a back brace. Defendant denied Plaintiff's request based upon a medical study that showed back braces would not provide any medical benefit to Plaintiff.

## ANALYSIS

Plaintiff asserts a claim for deliberate indifference to a serious medical need. To prevail on a claim for inadequate medical care, the Plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Defendant concedes that Plaintiff's leg condition was a serious medical need, but Defendant disputes that Plaintiff's back claim passes constitutional muster. The Court will assume that Plaintiff has shown an objectively serious medical need for the

back pain. Either way, Plaintiff has not shown how Defendant was deliberately indifferent.

Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Because Defendant is a medical professional, any treatment provided to Plaintiff is a matter of professional discretion with which the courts will not interfere unless the evidence suggests that "'no minimally competent professional would have so responded under those circumstances.'" Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting Collignon v. Milwaukee Cnty., 163 F.3d 982, 988 (7th Cir. 1998)). In other words, a medical professional is deliberately indifferent only if "the decision by the professional is such a substantial departure from accepted professional judgment,

practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. (quoting same).  Within these bounds, a prison medical professional "is free to make his own, independent medical determination as to the necessity of certain treatments or medications," and deference to a prior doctor's diagnosis is not required to satisfy the requirements of the Eighth Amendment. Holloway v. Delaware Cnty. Sheriff, 700 F.3d 1063, 1074 (7th Cir. 2012).

Defendant was not constitutionally required to follow the treatment plan (i.e. the leg brace, shoe inserts, lift shoe) ordered by Plaintiff's previous doctors.  Instead, Defendant was free to form his own medical conclusions.  Even so, the record discloses that Defendant never denied Plaintiff medical treatment and made several requests to the necessary individuals for Plaintiff to receive the devices Plaintiff required.  The process may have taken longer than Plaintiff wanted, but the evidence does not allow for a plausible inference that Defendant caused the delay, had any role in confiscating Plaintiff's shoes from home, or made any decision that could be considered outside the bounds of acceptable

professional judgment.  At best, Plaintiff may be able to show that Defendant was negligent in not ordering new shoes with a lift built into the outside of the sole at the initial examination.  Negligence, however, is not enough.  See Mayoral, 245 F.3d at 938.

With regards to the back brace, the only evidence in the record is that Defendant denied Plaintiff a back brace because medical research had shown them to be ineffective.  Accordingly, in his medical opinion, Defendant did not believe authorizing one would be in Plaintiff's best interests.

Therefore, for the reasons stated above, the Court finds that no reasonable juror could conclude that Defendant was deliberately indifference to Plaintiff's serious medical needs.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Extension of Time [55] is GRANTED.**

2) **Defendant's Supplemental Motion for Summary Judgment [56] is GRANTED.  The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions not addressed in this Opinion are denied as moot, and this case is terminated, with the parties to bear their own costs.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for**

**leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     February 18, 2016.

FOR THE COURT:

*s/ Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
